IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01001-RMR-NYW

RONALD BUTTACAVOLI,

    Plaintiff,

v.

WORTH ROSS MANAGEMENT COMPANY INCORPORATED,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff's failure to respond to this court's Order to Show Cause dated April 27, 2022. *See* [Doc. 53]. The court considers this matter pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated May 17, 2022. [Doc. 64].

## BACKGROUND

On June 4, 2021, Plaintiff Ronald Buttacavoli ("Plaintiff" or "Mr. Buttacavoli") initiated this action *pro se* in the United States District Court for the District of Arizona, [Doc. 1], invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [Doc. 29 at ¶ 3]. After a number of motions were filed and ruled on in that District, *see, e.g.*, [Doc. 6; Doc. 11; Doc. 28; Doc. 30; Doc. 33], the case was transferred to the District of Colorado upon the motion of Defendant Worth Ross Management Company ("Defendant" or "Worth Ross"). [Doc. 39; Doc. 45]. The case was directly assigned to the undersigned Magistrate Judge pursuant to Local Rule 40.1(c). *See* [Doc. 50].

Upon review of Plaintiff's Amended Complaint [Doc. 29], this court concluded that Plaintiff's allegations were insufficient to establish the citizenship of either Party in this case for

1

purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).  *See* [Doc. 53].  As a result, the court was unable to satisfy itself that complete diversity of the Parties—and thus, subject matter jurisdiction—exists in this case.  *See* [*id.*].  Specifically, Plaintiff alleges in his Amended Complaint that he "is a resident of the state of Arizona and a natural born citizen of the United States."  [Doc. 29 at ¶ 1].  The court noted, however, that residency is not synonymous with domicile and is not determinative of a party's citizenship.  [Doc. 53 at 2 (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) and *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972))].  The court stated that "[b]ecause the Amended Complaint alleges only Plaintiff's residence, but not his state of domicile, the present allegations are insufficient for the court to assure itself of Plaintiff's citizenship and its diversity jurisdiction."  [*Id.*].

Moreover, the court concluded that Plaintiff's allegations were insufficient to establish Defendant's citizenship.  Plaintiff alleges that Worth Ross "is a domestic corporation, established and licensed under the laws of the state of Texas."  [Doc. 29 at ¶ 6].  And in its Answer, Defendant "admits that it is a foreign corporation established under the laws of the state of Texas and authorized to conduct business in Denver, Colorado."  [Doc. 38 at ¶ 6].  But as the court noted in its Order to Show Cause, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Because Plaintiff had not alleged the state of Defendant's principal place of business, the court found Plaintiff's allegations insufficient to establish Defendant's citizenship.  [Doc. 53 at 2-3].

Because the allegations in the Amended Complaint did not demonstrate this court's subject matter jurisdiction, on April 27, 2022, the court directed Plaintiff to show cause on or before May 16, 2022 why this case should not be dismissed without prejudice for lack of jurisdiction.  [*Id.* at

3]. The court mailed the Order to Show Cause at the address listed for Plaintiff on the docket. [*Id.*]. Thereafter, mail previously sent to Plaintiff by the Clerk's Office was returned to the court as undeliverable. [Doc. 55]. This court then issued a Minute Order on May 3, 2022 noting that Plaintiff had filed a Notice of Change of Address; the court directed the Clerk of Court to update Plaintiff's mailing address on the docket and to mail Plaintiff a copy of the Order to Show Cause at his new address. [Doc. 56]. In the same Minute Order, the court extended Plaintiff's deadline to respond to the Order to Show Cause to May 24, 2022. [*Id.*]. This court's May 3 Minute Order was not returned to the court as undeliverable.

After Defendant declined to consent to Magistrate Judge jurisdiction,[1] *see* [Doc. 61], this case was reassigned to the Honorable Regina M. Rodriguez on May 17, 2022 and was referred to the undersigned. [Doc. 63; Doc. 64]. Plaintiff did not respond to the Order to Show Cause by this court's May 24, 2022 deadline, nor did Plaintiff request any relief from the deadline. This Recommendation follows.

## ANALYSIS

As explained in the Order to Show Cause, "the party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed in a case without first assuring itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).

---

[1] Plaintiff did not sign the Consent/Non-Consent Form. *See* [Doc. 61].

Although Plaintiff proceeds *pro se*, a party's *pro se* status does not exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). Nor does Plaintiff's *pro se* status relieve Plaintiff's burden of establishing jurisdiction. *Robles v. State Farm Ins.*, 509 F. App'x 748, 750 (10th Cir. 2013). The court plays a neutral role in the litigation process and cannot assume the role of an advocate for a *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Because Plaintiff has not established the citizenship of either Party in his Amended Complaint and failed to respond to this court's Order to Show Cause, the court is unable to determine that subject matter jurisdiction exists in this case. And because the court cannot proceed in this matter without first assuring itself of its federal jurisdiction, *Cunningham*, 427 F.3d at 1245, the court finds it appropriate to recommend dismissal of this case, without prejudice, based on a lack of subject matter jurisdiction.[2] Accordingly, this court respectfully **RECOMMENDS** that this case be **DISMISSED without prejudice** for lack of subject matter jurisdiction. *See Am. 2030 Cap. Ltd. v. Brantley*, No. 20-cv-00551-DDD-KMT, 2020 WL 2219787, at *2 (D. Colo. May 6, 2020) (dismissing cause without prejudice where plaintiff failed to establish the court's jurisdiction and failed to respond to order to show cause).

---

[2] In addition, the court notes that Rule 41 of the Federal Rules of Civil Procedure provides that a court may dismiss a party's claims if a party "fails to prosecute or comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). By failing to respond to the court's Order to Show Cause, Plaintiff has violated a court order. Indeed, there has been no action in this case on the part of Plaintiff since the case was transferred from the District of Arizona on April 25, 2022. Under Rule 1 of the Federal Rules of Civil Procedure, this court is charged with administering the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Without Plaintiff's participation in this matter, the court is unable to fulfill this function.

**CONCLUSION**

For the reasons set forth herein, this court respectfully **RECOMMENDS** that:

(1)   This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.[3]

Further, it is **ORDERED** that a copy of this Recommendation be sent to:

Ronald Buttacavoli
18388 West Sunbelt Drive
Surprise, AZ 85374

DATED: June 6, 2022                                    BY THE COURT:

*[signature]*

Nina Y. Wang
United States Magistrate Judge

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).