IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01001-CNS-STV

RONALD BUTTACAVOLI,

    Plaintiff,

v.

WORTH ROSS MANAGEMENT COMPANY INCORPORATED,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Re-Open the Case. (ECF No. 71). The Court DENIES the motion for the following reasons.

On April 27, 2022, Magistrate Judge Wang issued an Order to Show cause regarding subject matter jurisdiction and whether the case should be dismissed. (ECF No. 53). This Order to Show Cause was mailed to Plaintiff's residence in Arizona. (*Id.*). Plaintiff did not file a response or contact the Court. On June 6, 2022, Magistrate Judge Wang recommended that the case be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 65). This Recommendation was sent to Plaintiff's residence in Arizona. (*Id.*). On August 12, 2022, this Court adopted Magistrate Judge Wang's Recommendation as an Order of the Court after neither party filed objections. (ECF No. 69). Final Judgment was issued the same day and the case was

1

closed. (ECF No. 70). On October 18, 2022, Plaintiff moved to re-open the case, alleging that he "suffered from [a] medical condition and was unable to file timely opposition." (ECF No. 71).

Because Plaintiff is proceeding *pro se*, the Court construes his motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A *pro se* party, however, must comply with the rules and procedures governing counsel as well as the requirements of the substantive law; therefore, the Court will hold Plaintiff to the same standard. *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009). A party may seek reconsideration by the Court of an "adverse judgment [by filing] either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion filed within ten days of the judgment falls under Rule 59(e); a motion filed after ten days of the judgment falls under Rule 60(b). *Id*. The instant motion was filed sixty-seven days after final judgment was rendered, therefore the Court will consider the motion to re-open under Rule 60(b).

Relief under Rule 60(b) "is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Plaintiff only alleges that he suffered an undefined "medical circumstance" that required hospitalization and recovery. (ECF No. 71). The Court reminds Plaintiff that the instant civil action was dismissed without prejudice. Thus, the Court does not find that Plaintiff demonstrates an extraordinary circumstance that warrants reconsidering and vacating the judgment in this case.

Accordingly, Plaintiff's Motion to Re-Open is DENIED. (ECF No. 71).

DATED this 3rd day of November 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge